LAW OFFICE OF JEFFREY CAMPOLONGO    ATTORNEY FOR PLAINTIFF
By: JEFFREY CAMPOLONGO, ESQUIRE
IDENTIFICATION NO: 82608
128 CHESTNUT STREET, SUITE 202
PHILADELPHIA, PA 19106
215.592.9293
215.592.9296 FAX

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORLANDO DESTEFANO : | |
| 15149 WAYSIDE ROAD : | |
| PHILADELPHIA, PA 19116 : | CIVIL ACTION |
|    Plaintiff, : | |
| : | NO.: |
| v. : | |
| : | JURY TRIAL DEMANDED |
| THE CITY OF PHILADELPHIA : | |
| 1515 ARCH STREET, 16th FLOOR : | |
| PHILADELPHIA, PA 19102 : | |
|    Defendant. : | |

**COMPLAINT**

I.   **INTRODUCTION**

This is an action by Plaintiff, Orlando DeStefano, a former police officer and Lieutenant for the City of Philadelphia, which directly challenges the legality of the Philadelphia's Civil Service Regulation 32, pursuant to which Plaintiff was separated from his employment on the basis of his disability. Plaintiff alleges that Regulation 32 as applied to him at the time of his separation violated his rights pursuant to the Rehabilitation Act, 29 U.S.C. § 701 *et seq*. Plaintiff brings this action pursuant to the aforementioned statutory provision. Plaintiff seeks declaratory and injunctive relief, including reinstatement to his position, as well as back pay and compensation for other emoluments of employment he lost as a result of the City's unlawful policies and related

procedures, compensatory damages, as well as the cost and attorneys' fees he has and will incur in the prosecution of this action.

## II. PARTIES

1. Plaintiff, Orlando DeStefano, is an adult individual with a physical impairment and/or disability, who resides at 15149 Wayside Road, Philadelphia, PA 19116.

2. At all times material hereto, Plaintiff was an employee of Defendant City of Philadelphia (hereinafter referred to as "Defendant"), and was a person with a disability and/or handicap within the meaning of Section 504 of the Rehabilitation Act and fully entitled to the protections of these statutory provisions.

3. Defendant is a municipal and/or governmental entity and an employer within the meaning of Section 504.

4. Defendant operates "programs and activities" as defined by 29 U.S.C. § 794 (b), and, at all times material hereto, received federal financial assistance.

## III. JURISDICTION and VENUE

5. Jurisdiction is conferred upon this Honorable Court by 28 U.S.C. § 1331, 28 U.S.C. § 1343(4), and 28 U.S.C. § 1331.  It is further predicated upon and instituted pursuant to the Rehabilitation act, 29 U.S.C. § 701 *et seq*.

6. No administrative exhaustion is required for Plaintiff's Section 504 claims.

7. Venue is appropriately laid in the United Stated District Court for the Eastern District of Pennsylvania inasmuch as all parties reside and regularly conduct business within this District and the acts complained of by Plaintiff arose herein.

## IV. FACTS

8. Plaintiff, Orlando DeStefano, began work as a Philadelphia Police Officer on or about April 26, 1965.

9. Eventually, Plaintiff was promoted to Lieutenant.

10. On or about May 3, 2008, while working as a Lieutenant, Plaintiff was standing next to a Chief Inspector at a crime scene when the crime scene tape got wrapped around his legs, causing him to fall to the ground.

11. Plaintiff landed on both of his knees, sustaining injuries to his knees, ankles, cervical spine, thoracic spine, and lumbar spine.

12. Plaintiff received treatment, including surgery and physical therapy, over the course of about a year.

13. Plaintiff continued to have right knee pain, but was able to return to work as a Lieutenant in the Philadelphia Police Department in a limited duty position.

14. On or about March 23, 2009, Plaintiff was evaluated by a Dr. Berman, at the City's request, who indicated that Plaintiff was fully recovered from the work-related injury and was at pre-injury status.

15. Despite Dr. Berman's assessment that Plaintiff was at "pre-injury status," Plaintiff was not physically able to return to his pre-injury work status.

16. From the time he returned to work through his separation in May 2010, Plaintiff worked in a limited duty capacity for the Philadelphia Police Department as a Lieutenant without any problems.

17. The job functions that Plaintiff was performing while on limited duty were necessary functions that must be completed by Police Officers, or, in this case, by a Lieutenant.

18. Plaintiff was very capable of remaining in this employment indefinitely, as he could perform all of the essential functions of this position with or without accommodation.

19. Additionally, there are various other positions within the Police Department and the City of Philadelphia that Plaintiff could have performed with or without accommodation.

20. On or about April 20, 2010, Dr. Wilhelmina Korevaar, Medical Director for the City of Philadelphia, made a Determination of Service-Connected Disability, wherein she stated that Plaintiff was permanently and partially disabled from returning to work as a Police Officer.

21. On or about April 20, 2010, without any interactive process, Plaintiff was informed that he was being separated from his employment pursuant to Regulation 32, based upon to a determination by Dr. Korevaar that he was permanently and partially disabled and therefore unable to return to his pre-injury position.

22. Plaintiff was separated from his employment with the City, effective May 30, 2010.

23. Plaintiff's separation was preceded by a determination by Defendant, in conjunction with the City's Risk Management Department and other City officials, including Defendant's designees, that he was permanently and partially disabled within the meaning of Regulation 32.

24. Defendant's refusal to permit Plaintiff to continue his employment was based upon City's custom, policy and/or practices as set forth in Regulation 32, and Plaintiff's disability, his record of impairment, and/or the Defendant's perception thereof.

25. At the time of his separation pursuant to Regulation 32, there were numerous positions within the Philadelphia Police Department and the City of Philadelphia which Plaintiff was qualified to perform in spite of his disability, but he was automatically precluded from being considered for any of them on the basis of Regulation 32.

26. Despite being separated as a result of "permanent and partial disability," Plaintiff was not recommended for a Service Connected Disability Pension

27. Regulation 32 was adopted in 1953 to provide employment benefits for uniformed and other municipal employees who suffer a service-incurred disability and who are

no longer able to perform fully without limitation the regular duties of his/her position. Among its other "benefits," Regulation 32 provides for an employee's termination from employment when he/she has suffered a service-connected injury and is not able to return to and fully perform all the functions of his/her pre-injury job within one year of the injury. This termination is effected automatically and without individualized inquiry as to the nature of the employee's disability and/or his/her ability to perform the job he/she holds or desires with or without accommodation. In some cases, the City may offer "secondary employment" to the individual, but such employment does not entitled an employee to remain in his/her previous department or job classification, does not permit an employee to continue his/her chosen career, deprives the employee of benefits, status, and emoluments of employment to which he/she would have been entitled prior to the termination, and does not involve an interactive process as required by the Rehabilitation Act. Moreover, an employee's access to secondary employment is entirely discretionary on the part of the City.

### COUNT I
### DISABILITY DISCRIMINATION UNDER
### SECTION 504 OF THE REHABILITATION ACT

28. Plaintiff incorporates by reference the previous paragraphs as if the same were set forth more fully at length herein.

29. Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act, insofar as he has a physical impairment that substantially limits one or more of his major life activities; a record of such impairment; and/or was regarded as having such impairment by Defendant and Defendant's designees.

30. Plaintiff's disability, at all times material hereto, did not prevent him from

5

performing the essential functions of his job with the Police Department.

31. At all material times Defendant knew, or should have known, that Plaintiff needed reasonable accommodations, as Plaintiff requested workplace modifications to accommodate his physical disability.

32. Defendant failed to accommodate Plaintiff by, *inter alia*, refusing to consider Plaintiff's request for reasonable accommodation, and/or by failing to engage in an interactive process as required by the Rehabilitation Act.

33. Defendant could have reasonably accommodated Plaintiff without undue hardship.

34. As a direct and proximate result of Defendant's unlawful discrimination, Plaintiff has been deprived of economic and non-economic benefits including, but not limited to, wage loss, pain and suffering, mental anguish, humiliation, loss of fringe benefits, painful embarrassment among his friends and co-workers, disruption of his personal life and loss of enjoyment of the ordinary pleasures of life.

## COUNT II
## INTENTIONAL DISCRIMINATION

35. Plaintiff incorporates by reference the previous paragraphs as if the same were set forth more fully at length herein.

36. Defendant, acting intentionally and under color of law, has intentionally discriminated against Plaintiff on the basis of his disability; his record of impairment; and/or Defendant's perceptions that Plaintiff has a disability that substantially affects one or more major life activities, by, *inter alia*, 1) terminating Plaintiff's employment; 2) refusing to permit Plaintiff to work in a position for which he was qualified, with or without accommodation; 3) refusing to accommodate Plaintiff because of his disability due to the fact that it was work-related; 4) requiring, pursuant to Regulation 32, Plaintiff to perform all the duties of his pre-

injury position as a condition to retaining his employment, all in violation of Plaintiff's employment rights under Section 504 of the Rehabilitation Act.

37. The above-mentioned acts were willful, wanton, malicious and oppressive and done with reckless disregard for Plaintiff's federally protected rights, therefore justifying the imposition of punitive damages.

**WHEREFORE**, Plaintiff seeks the following relief:

1. A declaratory judgment that the discriminatory, intentional and deliberate actions of the Defendant constituted discrimination and retaliation against Plaintiff based upon his disability in violation of his rights under Section 504.

2. Award Plaintiff full back pay, retroactive pension benefits, interest, seniority for time lost, and all other emoluments of employment to which he would have been entitled had it not been for the Defendant's discriminatory employment practices.

3. Award the Plaintiff compensatory damages for the losses he sustained as a result of Defendant's discriminatory employment practices.

4. Award the Plaintiff against the Defendant punitive damages for the Defendant's deliberate, reckless and unjustified violations of his rights.

5. Award Plaintiff and his counsel all costs and attorneys fees incurred in the prosecution of this action.

6. Award all other relief which may be just and proper under the circumstances.

Respectfully Submitted,

October 26, 2011            By:   [**JC3646 - Validation of Signature Code**]
                                  Jeffrey Campolongo, Esquire
                                  **Law Office of Jeffrey Campolongo**
                                  Attorney I.D. No. 82608
                                  The Atrium at Olde City
                                  128 Chestnut Street, Ste. 202
                                  Philadelphia, PA 19106
                                  215.592.9293
                                  215.592.9296 fax

                                  Attorney for Plaintiff